2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frances F. SHAND, Plaintiff-Appellant,
v.
LAWRENCE LIVERMORE NATIONAL LABORATORY; Regents of the
University of California, Defendants-Appellees.
 No. 92-15244.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frances F. Shand appeals pro se from the district court's Fed.R.Civ.P. 12(b)(6) dismissal of her amended complaint alleging that Lawrence Livermore National Laboratory and the University of California (collectively "Livermore") violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-634. Shand contends the district court erred by finding that she failed to state a claim upon which relief could be granted. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's dismissal of a complaint for failure to state a claim. Frey v. State of Cal., 982 F.2d 399, 401 (9th Cir.), petition for cert. filed, 61 U.S.L.W. 3752 (U.S. Apr. 5, 1993) (No. 92-1737). Construing Shand's pro se complaint liberally, we must determine whether it appears beyond a doubt that Shand can show no set of facts that support her claim. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984). We may consider whether factual surroundings to the complaint supplement or correct deficiencies in the pro se pleading. Seeid. at 649-50.
 
 
 4
 To prevail on her ADEA claim, Shand must allege facts showing that Livermore subjected her to adverse conditions of employment because of her age. See 29 U.S.C. Sec. 623(a)(2). "This prohibition applies to 'individuals who are at least 40 ... but less than 70 years of age.' " Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990) (quoting 29 U.S.C. Sec. 631(a)). Conclusory allegations unsupported by the facts will not defeat a Rule 12(b)(6) dismissal. See Jones, 733 F.2d at 649.
 
 
 5
 Here, Shand was employed as an accounting assistant at Livermore between November 1976 and December 1990. In June 1989, Mary Linton, Shand's supervisor, asked a Division Head to facilitate Shand's evaluation meeting because Shand had previously cited communication problems with her co-workers and supervisors. Shand, then 64, refused to attend the two-on-one meeting. She preferred a one-on-one meeting with her supervisor. Subsequently, Shand was informed that she could bring an individual of her choice to the meeting to act as a witness on her behalf. The evaluation meeting then took place and Shand received a favorable evaluation which resulted in a pay raise. At age 66, Shand voluntarily retired under a retirement incentive program.
 
 
 6
 In her amended complaint, Shand alleges that her supervisor initially "threaten[ed] to take ACTION" against Shand if she did not attend the two-on-one meeting without an independent observer. Shand further alleges that her supervisor had a warning letter trying to build a case for termination placed in Shand's file. The district court found that Shand "failed to produce any facts giving rise to an inference of age discrimination under the ADEA and, furthermore, that she has failed to adduce any evidence that she has been harmed by the conduct which she alleges to be discriminatory." We agree.
 
 
 7
 The two-on-one evaluation, in which Shand was allowed an independent witness, did not produce any adverse consequences for Shand; in fact, she received a favorable evaluation and pay raise. Further, in an Equal Employment Opportunity Commission (EEOC) report attached to the complaint, an EEOC officer found that Livermore had previously used the two-on-one evaluation procedure with a thirty-seven year old employee. Thus, Shand's conclusory and general allegations do not support a cognizable claim under the ADEA. See 29 U.S.C. Sec. 623; Jones, 733 F.2d at 649-50.
 
 
 8
 The district court therefore did not err by concluding that Shand failed to state a claim of age discrimination and properly dismissed her complaint.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Shand contends for the first time on appeal that she was entitled to discovery before the district court granted the defendants' Rule 12(b)(6) motion, we decline to address the contention. See Sablan v. Department of Fin., 856 F.2d 1317, 1327 (9th Cir.1988)